**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MULTI-TECH SYSTEMS, INC.,
a Minnesota corporation,

Plaintiff,

Case No. 00-CV-1539 ADM/RLE

v.

MEDIARING.COM, INC., a California corporation,

Defendant.

**PROTECTIVE ORDER LIMITING DISCLOSURE OF DISCOVERY**

Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech") and Defendant MediaRing.com, Inc. ("MediaRing") each assert that it possesses information relating to the subject matter of this action which it deems confidential and proprietary. Each party recognizes that in the course of discovery proceedings it may be necessary to disclose to the other party certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than this action, and shall not be made public by the other party, or be otherwise disseminated by the other party, beyond the extent necessary for purposes of this action. In addition, the parties contemplate that CONFIDENTIAL INFORMATION may be produced by a non-party. The parties therefore seek to facilitate the production and protection of such information.



21493/00400/LIT/1071061

FILED JAN 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Accordingly, based upon the agreement of the parties and for good cause shown, it is hereby Ordered pursuant to Rule 26 of the Federal Rules of Civil Procedure that the following procedure shall be adopted for the protection of confidential and proprietary information:

**DEFINITIONS**

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement, designated by any party as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, portions of documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

2. By way of example and without any limitation, the term "documents" shall include but not be limited to correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), blueprints,

disclosures, models, data, reports, work assignments, instructions, source code, software, and other writings or digital data.

## DESIGNATION OF INFORMATION AS CONFIDENTIAL

3. It is contemplated that the parties will make available certain of their files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection an inspecting party will designate documents to be copied and the copies furnished or produced to it. All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION and shall be treated as such until the producing party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION according to Paragraph 4 hereof.

4. Whenever a document or thing produced by any party involves a disclosure of information which the producing party deems to be CONFIDENTIAL INFORMATION and which it wishes to be made subject to this Protective Order, the producing party shall designate confidentiality by marking the document or thing "CONFIDENTIAL" at the time it is turned over to the receiving party. Any copy made of such document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face the legend "CONFIDENTIAL."

5. Where a document is produced in a magnetic medium (such as floppy diskette or tape), the cartridge, reel, or medium container shall be marked with the appropriate notice.

6. If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be

deemed by the inspecting party, subject to the other provisions of this Order, to comprise or to be CONFIDENTIAL INFORMATION and shall be treated as such.

7. Whenever a deposition taken on behalf of any party hereto involves a disclosure of CONFIDENTIAL INFORMATION of another party, the following procedure shall be implemented:

(a) The party whose CONFIDENTIAL INFORMATION is subject to disclosure shall state at any time during the deposition that the testimony is CONFIDENTIAL INFORMATION and advise all persons present that the information is subject to this Stipulation and Protective Order. The testimony shall be separately transcribed and marked "CONFIDENTIAL." Only those persons designated in paragraphs 12 hereof or those persons following the procedures set forth in paragraphs 13 and 14 hereof shall be permitted to listen to or read this testimony.

(b) If a designation of CONFIDENTIAL INFORMATION is not made during the deposition, or if additional material from the deposition is to be designated as CONFIDENTIAL INFORMATION, a party may designate the deposition or parts thereof as CONFIDENTIAL INFORMATION by written notice within 30 days of the mailing of the deposition transcript. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 30-day period has expired, all deposition testimony and transcripts shall be treated in their entirety as CONFIDENTIAL INFORMATION covered by this Stipulation and Protective Order.

**8.** In the event that any documents which have been designated CONFIDENTIAL INFORMATION are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents and related materials shall be filed with the clerk of the court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**DATED ____________, 2000**
**Case No. 00-CV-XXX ADM/RLE**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES.**

9. The Clerk of the Court is ordered to file under seal any document that is submitted in such sealed envelopes. Unless otherwise ordered by the Court, any document, paper, or thing filed under seal pursuant to this Order shall be kept from public inspection, including inspection by attorneys and parties to other actions. Sealed materials shall be opened or destroyed only upon further order of the Court.

**PROCEDURES FOR HANDLING SOURCE CODE AND MAGNETIC MEDIA**

10. **HANDLING SOURCE CODE:** None of the source code of a producing party existing in any medium may be copied by any person acting on behalf of a requesting party, counsel for a requesting party, or an independent expert for a requesting party, in this Action except as follows:

a. Source code produced on digital or magnetic, non-paper media ("Digital Source Code") may be copied into the hard drive and/or RAM of a computer of a person acting on behalf of outside counsel for a requesting party if, and only if, all of the following conditions are met:

i. Any copying of the producing party's Digital Source Code may only be carried out by persons (a) who are neither parties to this Action nor officers, directors, nor employees of such parties, and (b) who are either:

(A) outside counsel for any party to this Action (including the paralegal, clerical, and secretarial staff employed by such counsel); or

(B) an independent expert (including his or her clerical staff) who has previously been disclosed and accepted pursuant to paragraph 13, and who has previously satisfied and will continue to satisfy all of the requirements of paragraph 13.

ii. at any given time, each particular copy of the producing party's Digital Source Code may only be copied into the hard drive of a single computer of a person or entity satisfying all of the requirements of paragraph 10(a)(i), above; without limiting the generality of the foregoing, a particular copy of the producing party's Digital Source Code may not be copied into the RAM of one computer and then copied into the RAM of a different computer without the Digital Source Code first being completely and irretrievably erased therefrom.

iii. any computer onto whose hard drive and/or into whose RAM the Digital Source Code of the producing party is copied must, prior to such copying, be equipped with a password protection/lockout/screen saver function having a "timeout" period of ten (10) minutes or less; the password for such password protection/lockout/screen saver function shall remain in operation continuously during any period that such computer is in use while the Digital Source Code of a producing party remains on such computer; provided, however,



21493/00400/LIT/1077106.1

notwithstanding the foregoing, if outside counsel for plaintiff and defendant agree in writing beforehand, an alternate security mechanism may be substituted for such password protection/lockout/screen saver function on any particular computer;

iv. any computer into whose hard drive and/or into whose RAM the Digital Source Code is of the producing party is copied must remain in the direct control of persons satisfying all of the requirements of paragraph 10(a)(i), above; and

v. all persons having control over any computer into whose hard drive and/or into whose RAM the Digital Source Code of the producing party is copied shall exercise their best efforts to comply fully with and to provide all assistance reasonably required to comply fully with the terms of this Order.

b. Certain portions ("Excerpts") of the Digital Source Code of a producing party may be copied onto paper or certain electronic media by a person satisfying all of the requirements of Paragraph 10(a)(i) who is acting on behalf of outside counsel for a requesting party in this action if all of the following conditions are met:

i. Except for transitory copies created in the RAM or other internal operating circuitry of a computer, a producing party's Digital Source Code Excerpts shall only be copied into paper or electronic media by a person acting on behalf of outside counsel for a requesting party for the purpose of creating submissions to the Court or for presentation to the Court at hearings or at trial, and, once having been made, all such copies of a producing party's Digital Source Code Excerpts shall be marked as "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in the name of the producing party;

ii. a producing party's Digital Source Code Excerpts must remain in the direct control of the persons satisfying all of the requirement of paragraph 10(a)(i), above, and

iii. all persons making or having control over a producing party's Digital Source Code Excerpts shall exercise their best efforts to comply with and to provide all assistance reasonably required to comply with this order.

c. A producing party's source code, Digital Source Code, and Digital Source Code Excerpts may not be disclosed or made available to anyone other than the Court, persons satisfying all requirements of paragraph 10(a)(i), above, and court reporters employed in this Action who are neither a party to this Action nor an officer, director, nor employee of a party to this Action, unless authorized by prior written order of the Court or the prior written approval of counsel for the producing party (collectively, "Persons Authorized to View Source Code").

d. A producing party's Digital Source Code may not be transported by any person acting on behalf of a requesting counsel, for a requesting party, or an expert for a requesting party in this action by any means or in any medium outside the direct control of a person satisfying all of the requirements of paragraph 10(a)(i), above; except for shipment via Federal Express (or other similar courier service) directly from one person satisfying all of the requirements of paragraph 10(a)(i), above; to another person satisfying all of the requirements of paragraph 10(a)(i), above.

e. A producing party's Digital Source Code Excerpts may not be transported by any person acting on behalf of a requesting party, counsel for a requesting party, or an expert for a requesting party in this action by any means or in any medium outside the direct control of a Person Authorized to View Source Code, except for shipment via Federal Express (or other similar courier

service) directly from one Person Authorized to View Source Code to another Person Authorized to View Source Code.

f. None of a producing party's Digital Source Code, no computer having a copy of a producing party's Digital Source Code in its hard drive and/or in its RAM, none of a producing party's Digital Source Code Excerpts, and no computer or other device having a copy of a producing party's Digital Source Code Excerpts in its hard drive, RAM, or other storage may be transported by any medium to any place of business of the requesting party.

g. Nothing herein shall prevent a party from using, copying, transporting, or disclosing its own source code, Digital Source Code, or Digital Source Code Excerpts as it deems appropriate.

11. **HANDLING MAGNETIC MEDIA:** If a party is required to produce a magnetic version of any information, and such information is properly designated as CONFIDENTIAL INFORMATION, it should be produced following these procedures with regard to the protection of that magnetic media:

a. No copy of the original magnetic media produced ("Original Media") shall be made unless necessary (a "copy" would include copying or transferring all, or part, of the magnetic files to another media, such as a diskette or hard disk, except for placement on a file server where access to the copy is limited to persons authorized under this Order, or for backups made for disaster recovery purposes);

b. Each party must maintain an internal log of any person who handles the Original Media or receives a magnetic copy of the information contained on the diskettes ("Internal Log");

c. The Internal Log shall list:

i. the name of the person who handled the Original Media or magnetic copy;

ii. the date and time the person received the Original Media or magnetic copy; and

iii. the date and time the person returned the Original Media or magnetic copy.

d. Each person who handles the Original Media or a magnetic copy must, prior to such handling, sign an undertaking in the form of Exhibit A attached to this Order, which undertaking also recites that he or she has read and understands these procedures governing handling magnetic media and will abide by them.

e. Within 60 days of the conclusion of this Action:

i. The Original Media must be returned to the producing party;

ii. Each person whose name appears on the Internal Log and counsel must sign a declaration that shall be sent to the producing party certifying that:

(a) to the best of that person's knowledge, the Original Media had been returned to the producing party; and

(b) every copy, whether whole or partial, of the Original Media has been deleted in its entirety, including the use of a disk utility program, such as Norton Utilities or its equivalent, to rewrite the free disk space so that deleted files may not be recovered.

iii. The Internal Log will be provided to counsel for the producing party.

f. Notwithstanding the provisions of paragraphs (a) - (e) above, outside counsel may retain one (1) magnetic copy of all court filings exchanged by the parties on magnetic media.

g. To the extent this paragraph 11 conflicts with paragraph 10 as to the treatment of source code, paragraph 10 shall control.

**USE OF CONFIDENTIAL INFORMATION**

12. All material produced by any party pursuant to pretrial discovery in this action which is designated by the producing party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order by the receiving party and used solely in the preparation, prosecution or trial of this action. Subject to the provisions of paragraphs 13 and 14 hereof, CONFIDENTIAL INFORMATION should only be disclosed to:

(a) current employees of the party or non-party entity who designated the item CONFIDENTIAL INFORMATION, or current employees of the parent entity of such party or non-party entity who designated the item CONFIDENTIAL INFORMATION;

(b) any individual who is listed on the item as a recipient or author or who otherwise has previously seen the item;

(c) the attorneys with the firms of ROBINS, KAPLAN, MILLER & CIRESI L.L.P., FENWICK & WEST, LLP, and LEONARD, STREET AND DEINARD, including their respective support personnel and necessary litigation vendors; and

(d) the Court and its officers.

13. Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a

copy of this Protective Order and shall execute a written statement under oath, in the form attached hereto as "Exhibit A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Order. Each outside independent individual or business to whom CONFIDENTIAL INFORMATION is sought to be disclosed to such individual or business shall be identified to the other party prior to making any such disclosure in sufficient time (not less than ten (10) business days) for such other party to object and to seek further protection should it deem that necessary. Such identification shall include a curriculum vitae or resume of the individual. If any party objects, no disclosure shall be made to such individual or business until the matter is resolved.

14. Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached hereto as "Exhibit B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

**USE OF CONFIDENTIAL INFORMATION AT HEARINGS OR AT TRIAL**

15. Subject to the Federal Rules of Evidence, documents and other information designated under this Protective Order as CONFIDENTIAL INFORMATION may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice,

reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received *in camera* or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine whether the proffered evidence should continue to be protected under this Protective Order and, if so, what protection, if any, may be afforded to such information at the trial.

**16.** In the event that any CONFIDENTIAL INFORMATION is used in any Court proceeding in this action, it shall not necessarily lose its CONFIDENTIAL INFORMATION status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

**INFORMATION DESIGNATED IMPROPERLY**

**17.** The restrictions set forth in any of the preceding paragraphs shall not apply to:

18. (a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; or

(c) any information which the receiving party, its counsel or independent consultants can show: (i) as a matter of written record was already known to the receiving party from legitimate sources, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL

INFORMATION (subject to the provisions and circumstances provided for in paragraphs 3, 6, 7(b), and 21 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

19. The receipt of any document, thing or response to any interrogatory designated as CONFIDENTIAL INFORMATION by a party shall not be construed as an agreement by any other party that any such document, thing or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

20. The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION. In the event of any dispute raised at any time with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the designating party shall substantiate, within seven (7) business days of such challenge, the basis for such designation in writing. The parties shall then attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as confidential until the issue is resolved.

21. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the designating party, except that the burden of proving the exceptions set forth in Paragraph 17 shall rest on the party asserting the exceptions.

**INFORMATION INADVERTENTLY DISCLOSED**

22. If a producing party inadvertently discloses to a receiving party any document, thing or information containing information that the producing party deems confidential without designating it as CONFIDENTIAL INFORMATION, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as CONFIDENTIAL INFORMATION under this Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to unauthorized persons.

23. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) business days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

**TERMINATION OF LITIGATION OR SETTLEMENT**

24. Within 60 days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION, all such CONFIDENTIAL INFORMATION, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION; except that Counsel may retain one archival copy of court filings containing CONFIDENTIAL INFORMATION which materials will otherwise remain subject to this Stipulation and Protective Order.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION**

25. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

26. The parties agree that any and all communication between the parties and their counsel of record in this case after the date that counsel was retained for purposes of this action need not be placed on a privilege log.

**PRODUCTION OF CONFIDENTIAL INFORMATION BY NON-PARTIES**

27. The production of any CONFIDENTIAL INFORMATION by non-parties shall be subject to the terms and conditions of this Stipulation and Protective Order. Pursuant to

Paragraphs 3 - 9 and subject to the limitations of Paragraphs 17 - 22 hereof, non-parties shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION.

**OBLIGATION OF PARTIES**

28. Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

29. Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION.

**STIPULATED AND AGREED TO:**

**FENWICK & WEST, LLP**

Dated: December 22, 2000

BY: ______________________

Darryl M. Woo, *pro hac vice*
Lisa M. Arent, *pro hac vice*
Brent K. Yamashita, *pro hac vice*
Two Palo Alto Square
Palo Alto, CA 94306
Phone: (650) 494-0600

Stephen J. Davidson
Jill H. Bollettieri
LEONARD, STREET AND DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402-2015

**ATTORNEYS FOR DEFENDANT MEDIARING.COM, INC.**

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Dated: Jan. 2, 2001

BY: ______________________

Ronald J. Schutz (#130849)
Kevin D. Conneely (#**192703**)
Ken R. Hall (#247017)
Darren B. Schwiebert (#260642)
Jodene Jensen (#277216)
Misti Nelc (#296090)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF MULTI-TECH SYSTEMS, INC.**

IT IS SO ORDERED this 5th day of January, 2001.

______________________
The Honorable Raymond L. Erickson, Magistrate Judge



21493/00400/LIT/1077106.1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MULTI-TECH SYSTEMS, INC.,
a Minnesota corporation,

Case No. 00-CV-1539 ADM/RLE

Plaintiff,

v.

**MEDIARING.COM, INC., a California corporation,**

Defendant.

---

State of )

) ss.

County of )

I, __________________________ being duly sworn, state:

1. My present address is ______________________________________________.

2. My present employer is _______________________________.

3. The address of my present employer is ___________________________________.

4. My present occupation or job description is _______________________________.

5. I have received a copy of the Protective Order in this case signed by Magistrate Judge Erickson on _________, 2000.



21493/00400/LIT/1077106.1

6. I have carefully read and I understand the provisions of the Protective Order. I agree to abide by the Protective Order, not to disclose any information designated as Confidential Information and not to use such information other than in assisting counsel.

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any confidential information or any portion or substance thereof provided to me in the course of this litigation.

8. I will return all materials containing confidential information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession and documents or things which I have prepared relating thereto and containing such confidential information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.

9. I understand that if I violate the provisions of this Protective Order I may be subject to, among other things, sanctions by the Court.

10. I will disclose to counsel who employed me whether I am an employee, agent, consultant, vendor or supplier, to or of any competitor of the party whose confidential information may be disclosed to me.

11. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here and I appoint ________________________________ ( counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Signed: ______________________________

SUBSCRIBED and sworn to
before me this _____ day of
___________________, 2000.

Notary Public

**EXHIBIT B**

**AGREEMENT TO PROTECT**
**CONFIDENTIAL INFORMATION**

1. This Agreement is between ____(Consultant)____ and ____(Name)____ residing at ________(Address)____________________.

2. I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3. I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

Signed:______________________________

Date: ______________________________



21493/00400/LIT/1077106.1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\DAILY\FORMS\protecord.wpd